An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY LEE MORRISSETTE, SR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67572

**FILED**

NOV 13 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of causing the death of another by driving or being in actual physical control of a vehicle while under the influence of a controlled and/or prohibited substance. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Appellant Jerry Lee Morrissette, Sr., first argues that it was unconstitutional to prosecute him because the prohibited substances and/or metabolites found in his urine came from drugs ingested some days prior to the accident and thus did not contribute to his being impaired. Morrissette fails to identify what constitutional provision he feels is being violated, nor does he make any cogent argument as to how it is being violated. Accordingly, we need not consider this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").[1]

---

[1]Although captioned as "under the influence of a controlled and/or prohibited substance," Morrissette's amended information alleged four theories of liability, only one of which was operating the vehicle while impaired. The other three theories were based solely on Morrissette having levels of prohibited substances in his urine in excess of that allowed by law. *See* NRS 484C.110(3); NRS 484C.430(1)(d), (f). Morrissette admits that "it is impossible to know what theory the jury

*continued on next page...*

15-34631

Morrissette next argues that NRS 484C.110 violates the Equal Protection Clause of the Fourteenth Amendment because it provides for disparate treatment for those who drink versus those who consume prohibited substances. In particular, Morrissette points to trial testimony indicating that the presence of drugs in a person's blood can indicate impairment while the presence of drugs in a person's urine does not indicate impairment but only prior use that could have occurred days earlier. He then argues that it is unjust that someone could legally drive with a debilitating hangover from overconsuming alcohol the day before but could not legally drive even though not impaired[2] just because there were metabolites of prohibited substances in his urine.

Morrissette's argument is patently without merit. First, the Equal Protection Clause requires "that all persons similarly situated receive like treatment under the law." *Gaines v. State*, 116 Nev. 359, 371, 998 P.2d 166, 173 (2000). Morrissette fails to demonstrate that those who consume prohibited substances are similarly situated as those who legally consume alcohol. Second, unless the challenged statute infringes on a fundamental right or involves a suspect classification, courts apply

---

*...continued*

used to convict [him]." However, as there was overwhelming evidence that supported the three non-impairment theories of liability, any error under an impairment theory would have been harmless beyond a reasonable doubt. *See Cortinas v. State*, 124 Nev. 1013, 1015-16, 195 P.3d 315, 317 (2008) ("[W]e conclude that harmless-error review applies when a general verdict may rest on a legally valid or a legally invalid alternative theory of liability.").

[2]We note that, contrary to Morrissette's claims, a responding police officer testified that he conducted a series of field tests and concluded from them that Morrissette "was impaired," meaning that it was "unsafe [for him] to operate a motor vehicle."

rational basis scrutiny. *Williams v. State*, 118 Nev. 536, 542, 50 P.3d 1116, 1120 (2002). Morrissette does not allege any suspect classification, and although he alleges that the statute infringes on a fundamental right, he does not identify what that right is. There is no constitutional right to drive or to use illicit drugs. *Id.* Finally, this court has held that the statute in question passes rational basis scrutiny and does not violate the Equal Protection Clause. *Id.* at 545, 50 P.3d at 1122 (evaluating the statute which at the time was codified as NRS 484.379).

Morrissette next argues that NRS 484C.110 violates the Due Process Clause of the Fourteenth Amendment. Again Morrissette fails to support his claim with relevant authority or cogent argument such that we need not consider this claim. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

Finally, Morrissette appears to argue in his reply statement that "a statute" is void for vagueness. Because this argument was not raised in the fast track statement, we need not consider it. *See* NRAP 3C(e)(3) ("The reply must be limited to answering matters set forth in the Fast Track Response."). Furthermore, Morrissette's argument is without merit as the allegedly vague language, "may impair," does not appear in either statute relevant to his conviction. *See* NRS 484C.110; NRS 484C.430.

For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

SUPREME COURT
OF
NEVAOA

(O) 1947A

cc: Hon. Jerome M. Polaha, District Judge
Kenneth J. McKenna
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk